PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY J. HEINZ, | ) | |
| | ) | CASE NO. 5:22CV0576 |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| ATTORNEY ROBERT FOLLAND, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF Nos. 16 and 17] |

### I. Introduction and Background

*Pro Se* Plaintiff Timothy J. Heinz filed this fee-paid action against Attorney Robert Folland, Barnes & Thornburg, LLC ("Barnes & Thornburg"), and HSBC Mortgage Services Inc. ("HSBC") on April 11, 2022. On June 30, 2022, he filed a First Amended Complaint (ECF No. 12),[1] which is now his operative pleading.

Like other complaints Plaintiff has filed *pro se* in federal court that have been dismissed, the First Amended Complaint (ECF No. 12) pertains to a 2014 foreclosure action brought against him in state court concerning real property located in Ravenna, Ohio. *See HSBC Mortgage Serv. Inc. v. Joanne Heinz*, Case No. 2014CV00409 (Portage Cnty. Ct. of Common Pleas (filed May 22, 2014) (the "foreclosure action").[2] Following proceedings in which Plaintiff participated, a

---

[1] ECF No. 12 was filed in response to a prior Order (ECF No. 11-1).

[2] Prior actions Plaintiff has filed in federal court are set out below.

(5:22CV0576)

judgment of foreclosure was entered against him in February 2016 in connection with the property at issue.

Plaintiff challenged implementation of the judgment in state court, but a foreclosure sale of the property was held and the sale was confirmed in November 2019. Plaintiff subsequently pursued multiple unsuccessful actions in state court challenging the foreclosure action, so much so that he was declared a vexatious litigator in state court. See *Heinz v. Eric N. Lindsey*, No. 2021CV00249 (Portage Cnty. Ct. of Common Pleas March 11, 2022) (ECF No. 9-19).

Plaintiff has also sought to challenge the foreclosure action in federal court. He purported to remove the foreclosure action to federal court in May 2020, nearly six years after it had been filed. United States District Judge Solomon Oliver, Jr. remanded that action to state court, *HSBC Mortgage Serv., Inc. v. Heinz*, No. 5:20CV0966 (N.D. Ohio Aug. 27, 2020), and the Sixth Circuit dismissed Plaintiff's appeal, *HSBC Mortgage Serv., Inc. v. Heinz*, No. 20-3988 (6th Cir. Oct. 21, 2020). Plaintiff later filed three other *pro se* actions in federal court that have been dismissed. See *Heinz v. HSBC Mortgage Serv., Inc.*, No. 5:21CV0542, 2021 WL 4942198 (N.D. Ohio Oct. 22, 2021) (Lioi, J.); *Heinz v. ERADAL, Inc.*, No. 5:21CV2263, 2022 WL 845088 (N.D. Ohio March 22, 2022) (Adams. J.); *Heinz v. Clerk Portage Cnty. Ct. of Common Pleas*, No. 5:21CV2263, 2022 WL 1591648 (N.D. Ohio May 19, 2022) (Adams, J.).

Now, in the First Amended Complaint (ECF No. 12), Plaintiff again seeks to challenge the foreclosure action. He sues HSBC and lawyers who had a role in the foreclosure action, and labels his amended pleading as a "Civil Lawsuit for Non-Judicial Wrongful Foreclosure." ECF No. 12 at PageID #: 741. The First Amended Complaint, which seeks damages and other relief,

(5:22CV0576)

sets forth eight counts: wrongful foreclosure (Count One); violation of the Fair Debt Collection Practices and Truth in Lending Acts (Counts Two and Three); breach of contract (Count Four); violation of federal "trust and lien laws" (Count Five); slander of title and credit (Counts Six and Seven); and infliction of emotional distress (Count Eight). *See* ECF No. 12 at PageID #: 767-80.

Defendants Folland and Barnes & Thornburg (together, the "moving Defendants") have moved to dismiss the First Amended Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), arguing that the pleading fails to state plausible claims for relief against them and is barred by *the Rooker-Feldman* doctrine and *res judicata*. *See* ECF No. 16. They have also filed a motion to declare Plaintiff a vexatious litigator. *See* ECF No. 17. These motions are fully briefed.

## II. Standard of Review

Under Fed. R. Civ. P. 12(b)(6), a party may move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a dismissal for failure to state a claim, "the complaint must present 'enough facts to state a claim to relief that is plausible on its face' " when its factual allegations are presumed true and all reasonable inferences are drawn in the non-moving party's favor. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although *pro se* pleadings generally are liberally construed and held to less stringent standards than pleadings drafted by lawyers, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), the lenient treatment accorded *pro se* litigants "has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements and courts are not obligated to conjure allegations on their behalf or

3

(5:22CV0576)

construct claims for them. *See* Grinter v. Knight, 532 F.3d 567, 577 (6th Cir. 2008); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985) (finding that requiring courts "to explore exhaustively all potential claims of a *pro se* plaintiff . . . would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party"). "To survive a motion to dismiss, the complaint must contain 'enough facts to state a claim to relief that is plausible on its face.' " Sutton v. Mountain High Investments, LLC, No. 21-1346, 2022 WL 1090926, at *2 (6th Cir. March 1, 2022) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Furthermore, "[i]t is well-established that the federal courts are under an independent obligation to examine their own jurisdiction" in cases before them. Kusens v. Pascal Co., Inc., 448 F.3d 349, 359 (6th Cir. 2006). Federal district courts "may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Fedral Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam) (citing Hagans v. Lavine, 415 U.S. 528, 536-37 (1974)).

### III. Discussion

#### A.

Upon review, the Court finds the moving Defendants' Motion to Dismiss (ECF No. 16) well-taken and that the First Amended Complaint (ECF No. 12) must be dismissed.

(5:22CV0576)

**1.**

First, the *Rooker-Feldman* doctrine provides that "lower federal courts lack subject matter jurisdiction to review the decisions of state courts." *Givens v. Homecomings Fin.*, 278 Fed.Appx. 607, 608-609 (6th Cir. 2008) (citing *D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923)). Under the doctrine, "a litigant who loses in state court may not seek 'what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.' " *Kafele v. Lerner, Sampson & Rothfuss, L.P.A.*, 161 Fed.Appx. 487, 489 (6th Cir. 2005) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 287 (2005) (internal citation omitted).

In order for the *Rooker-Feldman* doctrine to apply to bar a claim presented in federal district court, "the issue before the Court must be [inextricably intertwined] with the claim asserted in the state court proceeding." *Id.* (brackets in original) (quoting *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998), *overruled on other grounds by Coles v. Granville*, 448 F.3d 853, 859 n.1 (6th Cir. 2006). "Whe[n] federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." *Id.* at 490 (quoting *Catz*, 142 F.3d at 293) (brackets added).

Although the First Amended Complaint (ECF No. 12) like earlier complaints Plaintiff has filed is difficult to comprehend and consists of unclear and conclusory statements and legal assertions, it is apparent he seeks through his claims, once again, to challenge the validity of the

5

(5:22CV0576)

state-court judgment in the foreclosure action. To the extent his claims do so, they are barred by *Rooker-Feldman*. See *Kafele*, 161 Fed.Appx. at 490 (affirming dismissal of claims asserted in federal court resting on premise that state foreclosure judgment was invalid).

**2.**

Second, the doctrine of *res judicata* bars Plaintiff's claims to the extent they were raised or could have been raised in the foreclosure action, or in any prior action he has brought. "The doctrine of *res judicata* provides that 'a final judgment on the merits of an action precludes the parties or their privies from re-litigating issues that were or could have been raised in a prior action.' " *In re Alfes*, 709 F.3d 631, 638 (6th Cir. 2013) (quoting *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995) (internal quotation marks omitted)). Under the doctrine, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997) (quoting *Grava v. Parkman Twp.*, 73 Ohio St.3d 379 (1995), syllabus). A second suit is barred when there is: (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) the second action raises claims that were or could have been litigated in the first action; and, (4) the second action arises out of the transaction or occurrence that was the subject matter of the first. *Id.*

A judgment of foreclosure was entered against Plaintiff in the foreclosure action, and Plaintiff has filed at least four other lawsuits seeking to re-litigate the results of that action, including suits in which the moving Defendants served as counsel to a party. This creates the

(5:22CV0576)

privity necessary to give rise to claim preclusion. See *Frazier v. Matrix Acquisitions, LLC*, 873 F. Supp.2d 897, 902 (N.D. Ohio 2012) (holding that creditor and its attorneys were in privity for purposes of applying claim preclusion); *Heinz v. HSBC Mortgage Serv., Inc.*, 2021 WL 4942198 (dismissing actions Plaintiff previously brought against his creditor and its attorney seeking to challenge the state foreclosure action, including on the basis of *res judicata*); *Heinz v. ERADAL, Inc.*, 2022 WL 845088 (same).

In sum, no matter how Plaintiff labels his claims, they reach one premise, that HSBC was not entitled to foreclose on his property. That issue, however, was necessarily decided by the state court in the foreclosure action, and Plaintiff's claims in the present case are barred by *res judicata*. See, e.g., *Givens*, 278 Fed. Appx. at 609 (Fair Debt Collection Practices Act action brought against mortgagee after state court order granted mortgagee possession of residence due to mortgagor's default on mortgage was barred by *res judicata*, since it was based on issue of whether mortgagee was entitled to possession of the property which had been litigated in the Michigan state courts); *Clark v. Lender Processing Serv., Inc.*, 949 F. Supp.2d 763, 773-74 (N.D. Ohio 2013) (holding that *res judicata* barred mortgagor's claims when there was a prior, final decision on the merits in an underlying state foreclosure action).

**3.**

Third, even to the extent Plaintiff may assert claims in the First Amended Complaint (ECF No. 12) that are not barred by *Rooker-Feldman* or *res judicata*, his pleading fails to survive dismissal for failure to state a claim. As with prior complaints Plaintiff has filed, Plaintiff's allegations in ECF No. 12 are so convoluted, nonspecific, and conclusory that they fail to meet

7

(5:22CV0576)

basic federal notice pleading requirements or state any plausible claim upon which the Court may grant him relief.  *See, e.g.*, *Heinz v. HSBC Mortgage Serv., Inc.*, 2021 WL 4942198, at *4 (finding prior complaint Plaintiff filed against creditor relating to the foreclosure action subject to dismissal on the ground that Plaintiff's unclear and conclusory "defendants-unlawfully-harmed-me allegations" were insufficient to state a plausible claim for relief) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Kafele*, 161 Fed.Appx. at 491 (upholding dismissal of another plaintiff's complaint against attorneys in a state foreclosure action for failure to meet basic pleading requirements).

For all of the foregoing reasons, the moving Defendants' Motion to Dismiss (ECF No. 16) is granted.

**B.**

Furthermore, although there is no indication on the docket that HSBC was served in the case (and it has not moved or otherwise pled at this juncture), the First Amended Complaint (ECF No. 12) is *sua sponte* dismissed as against it pursuant to the Court's authority established in *Apple*, 183 F.3d at 479.  For the same reasons set out above, Plaintiff's claims against HSBC pertaining to the foreclosure and the foreclosure action are without merit and no longer open to discussion.

**C.**

Finally, while the Court would be well within its power, should it choose, to declare Plaintiff a harassing and vexatious litigator given his litigation history and to impose pre-filing

(5:22CV0576)

restrictions on him,[3] the Court declines to do so at this time as it does not appear he has previously been warned that such sanctions may be imposed upon him in federal court. *See Viola v. Ohio Attorney General*, No. 1: 20CV0765, 2021 WL 510746, at *29-30 (N.D. Ohio Feb. 11, 2021) (denying motion to declare vexatious litigator when *pro se* plaintiff had not previously been warned of possibility of such pre-filing restrictions).

Therefore, the moving Defendants' Motion to Declare Plaintiff a Vexatious Litigator (ECF No. 17) is denied without prejudice at this time. However, the Court now expressly warns Plaintiff that he may be declared a vexatious litigator and sanctions may be imposed upon him if he files any future meritless or frivolous lawsuit in federal court relating to the foreclosure or foreclosure action.

### IV. Conclusion

For the reasons stated above,

1. Defendants Robert Folland and Barnes & Thornburg, LLP's Renewed Motion to Dismiss (ECF No. 16) is granted, and the action is dismissed as against them pursuant to Fed. R. Civ. P. 12(b)(6).

---

[3] The Sixth Circuit has approved various pre-filing restrictions imposed on harassing and vexatious litigators as an inherent constitutional and statutory power of the federal courts. *See, e.g.*, *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987) (noting courts have authority to impose restrictions on harassing and vexatious litigators); *Feathers v. Chevron U.S.A.*, 141 F.3d 264, 269 (6th Cir.1998) (affirming district court's ability to impose pre-filing restrictions in matters with a history of vexatious litigation); *Wrenn v. Vanderbilt Univ. Hosp.*, Nos. 94-5493, 94-5593, 1995 WL 111480 at *3 (6th Cir. March 15, 1995) (stating "[t]his court has the authority to enjoin harassing litigation under its inherent authority and the All Writs Act, 28 U.S.C. § 1651(a)").

(5:22CV0576)

2. The action is *sua sponte* dismissed as against HSBC Mortgage Services, Inc. in accordance with the Court's authority established in *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam).

3. Defendants Robert Folland and Barnes & Thornburg, LLP's Motion to Declare Plaintiff a Vexatious Litigator (ECF No. 17) is denied without prejudice at this time. Plaintiff is hereby warned that such sanctions may be imposed upon him if he files any future meritless or frivolous lawsuit pertaining to the foreclosure action.

4. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

 IT IS SO ORDERED.

| | |
|---|---|
| August 11, 2022 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |